U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED · LAFAYETTE

JUL 2 4 2013

TONY R. MOORE, CLERK
BY _____ DEPUTY


**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **WILLIE J. WILSON** | **CIVIL ACTION NO. 6:13-cv-0367** |
| **LA. DOC #281464** | |
| **VS.** | **SECTION P** |
| | **JUDGE RICHARD T. HAIK, SR.** |
| **WARDEN HOWARD PRINCE** | **MAGISTRATE JUDGE C. MICHAEL HILL** |

## J U D G M E N T

Before the Court is petitioner Willie J. Wilson's Objection to the Report and Recommendation of the Magistrate Judge assigned to this action, [Rec. Doc. 9], in which petitioner contends that he should be entitled to equitable tolling because his "mental illness and resultant incapacitation constitutes extraordinary circumstances that are beyond his control which made it impossible for him to timely file his pleadings in his criminal case." *Id.* Petitioner states that his mental illness "caused his confinement to be in either a special unit (SHU) and ... to remain heavily medicated, incapacitated.... From 1996-2008, Wilson, was absolutely unable to do anything for himself regarding the law or filing pleadings in this case." *Id.* Petition attaches as Appendix B a handwritten statement from the State of Louisiana Department of Public Safety and Corrections Elayn Hunt Correctional Center dated February 23, 2009, stating "Patient Willie Wilson, DOC # 281464, is under mental health case for diagnosis of Schizaffective Disorder, bipolar type... He is currently treated with: Risperdal 1 mg (antipsychotic); Depachote 2000mg (mood stabilizer); Prozac 80 mg (antidepressant)." *Id.* Petitioner requests that the Court review his medical records and hold a hearing on this issue. *Id.*

Contrary to petitioner's assertions, the record indicates he filed numerous state actions from August 1997 through November 2008. *R. 8.* While petitioner includes an apparent diagnosis of

mental illness, the document was written in 2009 and does not provide any support for his on-going mental illness since 1996 nor that he was ever incapacitated. The Court concludes that petitioner is ineligible for equitable tolling because he did not diligently pursue federal habeas relief and has made only conclusory assertions regarding his purported incapacity. Therefore, additional discovery will serve no purpose. *See, Smith v. Kelly* 301 Fed.Appx. 375, 378 (5th Cir. 2008).

Accordingly, for the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein, and after an independent review of the record including the objections filed by petitioner, and having determined that the findings and recommendation are correct under the applicable law;

**IT IS ORDERED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

**THUS DONE AND SIGNED**, in chambers, in Lafayette, Louisiana, on this 23rd day of July, 2013.

RICHARD T. HAIK, SR.
UNITED STATES DISTRICT JUDGE